IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BARRY B. GLOVER and
DEBORAH M. GLOVER,

      Plaintiffs,

   v.                             CIVIL NO. 2:25-CV-03
                                   (KLEEH)

ERIE INSURANCE COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]

Pending are the parties' cross-motions for summary judgment. For the reasons discussed below, the Court denies Plaintiffs' motion and grants Defendant's motion.

### I.    PROCEDURAL HISTORY

Plaintiffs Barry B. Glover and Deborah M. Glover (together, "Plaintiffs") filed a complaint against Defendant Erie Insurance Company ("Erie") in the Circuit Court of Pendleton County, West Virginia, on January 14, 2025, asserting one claim of Insurance Bad Faith. See ECF No. 1-2. On February 13, 2025, the case was removed to this Court. See ECF No. 1. Erie filed an answer on February 19, 2025. See ECF No. 2. The parties have filed cross-motions for summary judgment, which are fully briefed. Plaintiffs

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

move for summary judgment solely on the question of coverage, and Erie moves for summary judgment with respect to the entire complaint, asserting that there is no coverage and that Plaintiffs' bad faith claim fails as a matter of law.

## II.   ALLEGATIONS IN THE COMPLAINT

Plaintiffs are married.  Compl., ECF No. 1-2, at ¶ 1.  They own certain tracts or parcels of land in Franklin, West Virginia. Id. at ¶ 4.  The Town of Franklin owns and operates the Franklin Municipal Water Department (the "Water Department"), which is governed by the Public Service Commission of West Virginia.  Id. ¶ 5.  The Water Department provides general domestic, commercial, and industrial water service.  Id.  It owns a water tower, which is located on a tract of real estate immediately adjoining Plaintiffs' real estate, including Plaintiffs' home at 29 Elm Street, Franklin, West Virginia.  Id. ¶¶ 6, 38.  The Water Department also has an easement for water distribution lines from the water tower, which goes across Plaintiffs' real estate.  Id. ¶ 6.  In the past, Barry Glover notified the Water Department about water leaks onto his property, which were destroying a public road maintained by the Town of Franklin.  Id. ¶ 7.  In May or June 2017, Barry Glover met with Water Department employees and the Mayor regarding the water leak.  Id. ¶ 8.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

On or about August 5, 2020, Plaintiffs purchased an Eriesecure Home Insurance Policy and Personal Umbrella Insurance Policy from Erie.  Id. ¶ 9.  The property and casualty policy was assigned a policy number of Q565707999, with a policy period from August 7, 2020, to August 7, 2021 (the "Policy").  Id.; Exh. A to Compl. Plaintiffs have since renewed the Policy annually.  Id. ¶ 9.

In the summer of 2022, Plaintiffs noticed foundational and exterior wall failures at their residence.  Id. ¶ 10.  They contracted with Lantz Construction Company ("Lantz") to view, evaluate, and provide an estimate regarding the necessary foundational and exterior wall repairs at their home.  Id. ¶ 11. On July 14, 2022, Lantz visited and advised Plaintiffs that the walls failure at their home was a result of water damage.  Id. ¶ 12.  By letter dated August 23, 2023, Lantz informed Plaintiffs that the estimated cost to make the necessary repairs was $168,357.00.  Id.  On November 7, 2023, Lantz informed Plaintiffs that the estimated cost of repairs had increased to $221,596.00. Id.  Plaintiffs assert that as a result of the Water Department's actions, inactions, and/or omissions, Plaintiffs have suffered extensive property damage.  Id. ¶ 14.

On May 1, 2023, Plaintiffs filed a civil action for negligence against the Town of Franklin in the Circuit Court of Pendleton

GLOVER V. ERIE                                              2:25-CV-03

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

County, West Virginia, which was assigned civil action number CC-36-2023-C-9.  Id. ¶ 15.  During discovery, on December 12, 2023, Plaintiffs filed a claim with Erie relating to the damage to their residence.  Id. ¶ 16.  The claim was assigned a number of A00005516665.  Id.

Erie employed Donan Engineering ("Donan") to conduct an examination of Plaintiffs' claim.  Id. ¶ 17.  On December 29, 2023, a Donan engineer completed a report.  Id.  Donan concluded that groundwater and surface water adjacent to the foundation contributed to the damages asserted by Plaintiffs in the Pendleton County civil action.  Id. ¶ 18.  Donan investigated at Plaintiffs' home for 60 to 90 minutes, focusing on taking pictures of the structural damage.  Id.  Donan did not investigate the source of the water that was causing the damage.  Id.  On February 19, 2024, Plaintiffs emailed Erie to ask about the status of their claim. Id. ¶ 19.  On March 8, 2024, by letter, Erie informed Plaintiffs that their claim was denied.  Id. ¶ 20.

Plaintiffs hired expert witnesses with Downstream Strategies to conduct studies regarding the cause of the water damage.  Id. ¶ 21.  On August 27, 2024, by letter, Erie informed Plaintiffs that based on Plaintiffs' claim and the report by Donan, unless certain repairs were completed by December 27, 2024, their

4

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

insurance policies would be canceled by Erie.  Id. ¶ 22.  On November 21, 2024, Plaintiffs secured financing with Pendleton Community Bank in the amount of $230,000.00 for the necessary repairs to their residence.  Id. ¶ 23.  On December 17, 2024, Downstream Strategies concluded that the groundwater causing the issue of Plaintiffs' residence was from the municipal water supply and due to the presence of Chlorine and Chlorine disinfection by-products, which are not naturally occurring.  Id. ¶ 24.

Based on these facts, Plaintiffs assert one count of Insurance Bad Faith against Erie and ask the Court to declare that Erie is obligated to indemnify them for the damage to their property.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  The burden then shifts to the nonmoving

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR
SUMMARY JUDGMENT [ECF NO. 11]**

party to present "specific facts showing that there is a genuine issue for trial." Blair v. Defender Servs., Inc., 386 F.3d 623, 625 (4th Cir. 2004) (citations omitted).

"When the moving party has carried its burden . . . , its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted).  Rather, the Court must ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986).  At its core, the summary-judgment process examines whether a trial is needed. See id. at 250.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"When faced with cross-motions for summary judgment, the court must review each motion on its own merits to determine whether either of the parties deserves judgment as a matter of law." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (citation and internal quotation marks omitted).  The same

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR
SUMMARY JUDGMENT [ECF NO. 11]**

standards of review apply when both parties file motions for summary judgment.  See ITCO Corp. v. Michelin Tire Corp., 722 F.2d 42, 45 n. 3 (4th Cir. 1983) ("The court is not permitted to resolve genuine issues of material facts on a motion for summary judgment — even where . . . both parties have filed cross motions for summary judgment.").

## IV.  DISCUSSION

As discussed below, the Court finds that the Policy does not provide coverage for Plaintiffs' property damage, and Erie is entitled to judgment as a matter of law on the bad faith claim.

> **A.   Because it is undisputed that Plaintiffs' damage was caused by water and/or earth movement, the Policy does not provide coverage.**

After reviewing the parties' briefs and the Policy itself, the Court finds that no coverage is available for Plaintiffs' property damage.  The Policy provides,

> **PROPERTY PROTECTION — SECTION I**
>
> **OUR PROMISE — Dwelling Coverage**
>
> "**We**" will pay for loss to:
>
> 1.   "**your**" dwelling which includes "**your**" manufactured home at the "**residence premises**" shown on the "**Declarations.**"  This includes attached structures, building equipment, fixtures, including solar panels and windmills

7

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

---

> servicing the premises.  It also includes accessories which service and are connected to **"your"** manufactured home.
>
> 2.    construction material at the **"residence premises"** for use in connection with **"your"** dwelling.
>
> This coverage does not apply to land and water, including natural water, above or below the surface of the ground.

Exh. 2 to Erie MSJ, ECF No. 11-4, at 3.  It also provides,

> **PERILS WE INSURE AGAINST – Dwelling And Other Structures Coverages**
>
> **"We"** pay for direct physical loss to property insured under the Dwelling And Other Structures Coverages unless the loss is excluded elsewhere under this policy.

Id. at 5.  The Policy provides the following exclusionary language with respect to water damage:

> **EXCLUSIONS – What We Do Not Cover – Dwelling And Other Structures Coverages**
>
> **"We"** do not pay for loss resulting directly or indirectly from any of the following, even if other events or happenings contributed concurrently, or in sequence, to the loss:
>
>                   . . .
>
> 9.    by water damage, meaning:

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

a.    flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, storm surge or overflow of a body of water. **"We"** do not coverage spray from any of these, whether or not driven by wind;

b.    water or sewage which backs up through sewers or drains or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area.

This exclusion does not apply if Sewers Or Drains Backup Coverage is shown on the **"Declarations."** However, the amount shown on the **"Declarations"** is the maximum amount **"we"** will pay for any one direct loss caused by water or sewage which backs up through sewers or drains, or which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area;

c.    water below the surface of the ground. This includes water which exerts pressure on, or flows, seeps or leaks through any part of a building or other structure, including sidewalks, driveways, foundations, pavements, patios, swimming pools or decks; or

d.    waterborne material carried or otherwise moved by any of the water referred to in this exclusion.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR
SUMMARY JUDGMENT [ECF NO. 11]**

This exclusion applies, but is not limited to, escape, overflow or discharge, for any reason, of water or waterborne material from a dam, levee, seawall or any other boundary or containment system.

**"We"** do pay for direct loss that follows, caused by fire, explosion, sonic boom or theft.

Exh. 2 to Def. MSJ, ECF No. 11-4, at 6-7.

The Policy provides the following exclusionary language with respect to earth movement:

**EXCLUSIONS – What We Do Not Cover – Dwelling And Other Structures Coverages**

**"We"** do not pay for loss resulting directly or indirectly from any of the following, even if other events or happenings contributed concurrently, or in sequence, to the loss:

. . .

8.   by earth movement, due to natural or manmade events, meaning earthquake, including land shock waves, or tremors before, during, or after a volcanic eruption, mine subsidence, sinkhole, landslide, mudslide, mud flow, earth sinking, rising or shifting. Coverage is provided for direct loss caused by fire, explosion, theft or breakage of glass resulting from earth movement, mine subsidence, sinkhole, landslide, mudslide, mud flow, or earth sinking, rising or shifting.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR
SUMMARY JUDGMENT [ECF NO. 11]**

Id. at 6.

Overall, the record shows that the damage complained of by Plaintiffs is water damage.  In the complaint, Plaintiffs assert that the damage is from water.  See Compl., ECF No. 1-2, at ¶ 12 ("Lantz . . . advised the Plaintiffs that the foundational and exterior walls failure at their residence was a result of water damage."); id. at ¶ 18 ("Donan . . . concluded that groundwater and surface water adjacent to the foundation contributed to the damages asserted  by the Plaintiffs  in  the  aforesaid  civil action."); id. at ¶ 21 ("Plaintiffs  hired . . . Downstream Strategies to conduct studies regarding the cause of the water causing damage to their residence in the aforesaid civil action."); id. at ¶ 24 ("Downstream Strategies concluded that the groundwater causing the issue to the Plaintiffs residence was from a municipal water  supply . . . .").   In  Barry  Glover's  deposition,  he testified as follows:

> Q.   Do you believe those water leaks were
>      caused by the Town of Franklin?
>
> A.   Yes.
>
> Q.   And  that  would  be  man-made  events
>      committed  by  the  Town  of  Franklin  in
>      installing  and  maintaining  its  water
>      lines?

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

---

A.    Yes.

Q.    This water damage, was some of the water on the surface?

A.    No, not necessarily.  It was mainly under the -- under the surface.

Q.    So it had been water below the surface of the ground?

A.    Right.

B. Glover Dep., ECF No. 11-2, at 36:2-15.  Water damage, which specifically includes damage resulting from subsurface water, is excluded under the Policy.

Donan also found that the presence of subsurface water had resulted in earth movement.  Specifically, Donan found that the settlement that occurred at Plaintiffs' home was "due to downhill movement and consolidation of the soils" and that "[g]roundwater and surface water adjacent to the foundation have contributed to the settlement and lateral pressure."  Donan Report, ECF No. 11-6, at 7.  Earth movement, as discussed, is also excluded under the Policy.[1]

---

[1] In <u>Erie Insurance Property & Casualty Company v. Chaber</u>, 801 S.E.2d 207, 213-14 (W. Va. 2017), the Supreme Court of Appeals of West Virginia concluded that the exclusion due to "natural or man-made events" applied to earth movement resulting from any cause.

12

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR
SUMMARY JUDGMENT [ECF NO. 11]**

Plaintiffs argue that there are genuine issues of material fact with respect to causation. They argue that the record contains extensive evidence that their loss was caused by accidental discharge of municipal water, not merely natural groundwater or earth movement. Specifically, Plaintiffs point to the chlorine and disinfection by-products in groundwater samples. Plaintiffs cite Erie's expert's statement that "[i]nsufficient evidence is available to determine whether the water tower pipes leak or contributed to groundwater toward the house." Id. at 6. The Court, after reviewing the entire record, finds no other explanation for the damage other than the water damage and/or earth movement described above, both of which are not covered under the Policy. No genuine issue of material fact exists regarding coverage. Erie is entitled to judgment as a matter of law on the issue of coverage, and Plaintiffs' motion for summary judgment must be denied.

> **B.   Erie is entitled to judgment as a matter of law with
> respect to the bad faith claim because Plaintiffs have
> failed to produce specific facts showing that there is
> a genuine issue for trial.**

"A first-party bad faith action is one wherein the insured sues his/her own insurer for failing to use good faith in settling a claim filed by the insured." Syl. Pt. 2, Loudin v. Nat'l Liab.

13

GLOVER V. ERIE                                              2:25-CV-03

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR
SUMMARY JUDGMENT [ECF NO. 11]**

& Fire Ins. Co., 716 S.E.2d 696 (W. Va. 2011).  An insured first party has the right "to bring a bad faith cause of action against his/her insurer under the common law and the West Virginia Unfair Trade Practices Act."  Id. at 700.

Here, the Court has already held that no coverage exists for Plaintiffs' property damage.  The Court will assess Plaintiffs' response to Erie's motion and whether Plaintiffs have shown the existence of any material fact which would preclude summary judgment for Erie with respect to the bad faith claim.  Plaintiffs have not met this burden.

In response to Erie's motion, first, Plaintiffs assert that Erie's denial letter was dated January 16, 2024, but was not received until March 8, 2024.  This will be discussed below.

Second, Plaintiffs assert that Erie's denial letter misidentified the policy number.  In reply, Erie contends that this is simply untrue; the denial letter did not misidentify the policy number.  Upon review, the Court agrees with Erie that the policy number is not misidentified.  This is not a genuine issue of material fact that would preclude summary judgment.

Third, Plaintiffs contend that Erie selectively relied on Donan while ignoring "contradictory evidence," such as chemical testing conducted by Downstream Strategies, Lantz's repair

14

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR
SUMMARY JUDGMENT [ECF NO. 11]**

proposals, and Plaintiffs' testimony and chlorine testing. In reply, Erie asserts that the source of water has no relevance to the application of the exclusions in the Policy. The Court agrees with Erie that the source of the water has no bearing on the undisputed fact that the property damage was caused by water and/or earth movement, both of which are not covered under the Policy. This is not a genuine issue of material fact that would preclude summary judgment.

Fourth, Plaintiffs argue that in August 2024, Erie issued a cancellation notice requiring Plaintiffs to complete the very repairs it denied as uncovered. Given that the Court has agreed with Erie that no coverage is available, this is not a genuine issue of material fact that would preclude summary judgment.

Fifth, Plaintiffs assert that claim notice was given on December 12, 2023, but the file remained open into 2025 with repeated reassignments and no resolution. In reply, Erie asserts that it denied the claim by letter dated January 16, 2024, and to the extent the claim remains open, it is open because of the pending declaratory judgment action. To the extent that Plaintiffs are arguing that the "open" status of the file is a genuine issue of material fact that would preclude summary judgment on the bad faith claim, the Court disagrees.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

---

The only issue, therefore, upon which Plaintiffs can reasonably rely to preclude summary judgment is the fact that Erie's denial letter was dated January 16, 2024, but was not received until March 8, 2024. This two-month delay in mailing time is not a genuine issue of material fact that would preclude summary judgment in this case. Having found that no coverage is available, and Plaintiffs have not produced sufficient facts to show that a trial on a bad faith claim is needed, a trial is not needed in this matter. Erie is entitled to judgment as a matter of law.

### V.    CONCLUSION

For the reasons discussed, the Court **ORDERS** as follows:

- Plaintiffs' motion for summary judgment is **DENIED** [ECF No. 12];

- Erie's motion for summary judgment is **GRANTED** [ECF No. 11];

- This case is **STRICKEN** from the Court's active docket; and

- The Clerk is **DIRECTED** to enter a separate judgment order.

It is so **ORDERED**.

GLOVER V. ERIE                                                    2:25-CV-03

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 12] AND GRANTING ERIE'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 11]**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: March 27, 2026

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

17